FILED
United States Court of Appeals
Tenth Circuit

November 14, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARTURO DIAZ-ARREOLA,

    Defendant-Appellant.

No. 07-2077

(D.C. No. CR-06-772-JAP )
(D. New Mexico)

ORDER AND JUDGMENT[*]

Before **BRISCOE, McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

Defendant Arturo Diaz-Arreola pled guilty to one count of reentry by a deported

alien previously convicted of a felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(b)(1), and was sentenced to a term of imprisonment of forty-six months. On appeal, Diaz-Arreola's counsel has filed an <u>Anders</u> brief and a motion to withdraw as counsel. See <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Diaz-Arreola has filed a pro se response to the <u>Anders</u> brief contending that he should have received a significantly lower sentence pursuant to the terms of a written plea agreement he entered into with the government. The government has declined to file a brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude there are no meritorious issues for appeal, and thus grant counsel's motion to withdraw and dismiss the appeal.

I.

Diaz-Arreola was charged by information with a single count of reentry by a deported alien previously convicted of a felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(1). On April 13, 2006, Diaz-Arreola pled guilty, pursuant to a written plea agreement with the government, to the charge alleged in the indictment. In the plea agreement, Diaz-Arreola and the government stipulated that, under the Sentencing Guidelines, Diaz-Arreola's offense level would be nine (9). Notably, however, that stipulation hinged upon the assumption that Diaz-Arreola had no prior felony convictions that would have required enhancements to Diaz-Arreola's base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A), (B), or (C). In addition, the plea agreement provided that if the government learned, prior to sentencing, that Diaz-Arreola had one or more such convictions, the government would have the right to withdraw the plea agreement.

When the presentence investigation report (PSR) was subsequently prepared, it

revealed that Diaz-Arreola in fact had two prior felony convictions. Specifically, the PSR indicated that on September 11, 1991, Diaz-Arreola was convicted in Texas state court of burglary of a habitation, an offense that qualified as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). ROA, Vol. II, PSR at 4-5. In addition, the PSR indicated that on June 7, 2004, Diaz-Arreola pled guilty in federal court in New Mexico to transporting illegal aliens, an offense that qualified as "alien smuggling" under U.S.S.G. § 2L1.2(b)(1)(A)(vii). In light of these offenses, the government filed a motion asking the district court to reject the written plea agreement. The district court granted the motion.

Diaz-Arreola subsequently chose to enter another plea of guilty to the single count alleged in the information, this time without benefit of a written plea agreement. The PSR, which remained in place, calculated a total offense level of twenty-one (21), a criminal history category of IV, and a resulting guideline range of fifty-seven (57) to seventy-one (71) months. Diaz-Arreola's counsel filed a sentencing memorandum requesting that the district court "find that the guideline range as calculated by probation [wa]s unreasonable and that a lesser sentence would be more reasonable." ROA, Vol. I, Doc. 41 at 2-3. In support of this request, Diaz-Arreola's counsel noted that Diaz-Arreola had been gainfully employed and was very active in his church prior to his arrest, and while in custody in connection with the case had attended hundreds of hours of training and spent time informally counseling other prisoners.

At sentencing, the district court asked the government if it "would have an objection to a sentence under 18 United States Code Section 3553 independent of the

guidelines and below the guideline range." ROA, Vol. III at 3. The government indicated it had "tendered an offer to the defendant of an offense level 19 and Criminal History Category IV," which would have resulted in a guideline range of "46 to 57 months." Id. The government further indicated that it "would have no objection if the court wanted to sentence [Diaz-Arreola] to a sentence of 46 months." Id. The district court ultimately imposed a sentence of forty-six months. Id. at 9 ("It's my intent to impose a sentence under 18 United States Code Section 3553(a) independent of the United States Sentencing Guidelines, and to impose a sentence of 46 months to which the government does not object."). In doing so, the district court rejected Diaz-Arreola's own request for "a further reduction on th[e] sentence because [he] ha[d] [his] family awaiting [him] . . . ." Id. at 10.

## II.

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal.

Here, Diaz-Arreola's counsel concedes that the sentence imposed by the district

court was reasonable. After conducting our own review of the record, we agree. The record establishes that the district court properly calculated Diaz-Arreola's guideline range, considered the relevant sentencing factors under 18 U.S.C. § 3553(a), and ultimately varied downward from the guideline range based on the factors cited by Diaz-Arreola in his sentencing memorandum and authorized by § 3553(a). Nothing in the record indicates that a further downward variance was warranted.

Diaz-Arreola, in his pro se response, argues that the district court erred in rejecting the plea agreement he originally entered into with the government. In particular, he argues that "he has in no way violated the terms of the agreed to plea agreement," and he asserts that "the agreed to plea agreement is a fair disposition of this case." Response at 2. Thus, he asks us to reverse his sentence and remand for imposition of a sentence in accordance with the terms of the plea agreement. Id. at 3.

We reject Diaz-Arreola's arguments as frivolous. As noted, the plain language of the plea agreement indicated that the government's stipulation to a total offense level of nine was dependent upon Diaz-Arreola not having any prior convictions that required enhancements under U.S.S.G. § 2L1.2(b)(1)(A), (B), or (C). The plain language of the plea agreement further afforded the government the unilateral right to withdraw the plea agreement in the event that the presentence investigation revealed the existence of any such convictions. Thus, we conclude the district court did not err in rejecting the plea agreement due to the uncontroverted existence of two such convictions. In turn, Diaz-Arreola is clearly not entitled to be sentenced pursuant to the terms of the now-rejected

plea agreement.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge